IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS BORUNDA and
MARIO ALBERTO BORUNDA,

        Plaintiffs,

v.                                                  CV 12-00396 WJ/WPL

JOHN F. KERRY, U.S. SECRETARY OF STATE,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Attorney Fees and Costs Under the Equal Access to Justice Act, filed August 25, 2015 **(Doc. 89)**.  Having reviewed the parties' briefs and applicable law, the court finds that Plaintiffs' motion is not well-taken and, therefore, is DENIED..

## BACKGROUND

Plaintiffs brought this action under the provisions of 8 U.S.C. §1503(a), alleging that they were denied a right and privilege as United States citizens when Defendant ("the State Department") refused to issue them United States passports.  After a three-day bench trial held in the above-captioned case and following the submission of proposed findings of fact and conclusions of law by the parties, the Court found in favor of Plaintiffs.  The Court concluded that Plaintiffs had satisfied their burden to establish United States citizenship by presenting a preponderance of the evidence that they were born in the United States.  *See* Doc. 87 (Court's

Findings of Fact and Conclusions of Law). Plaintiffs now seek $247,260.00 in fees and costs under the Equal Access to Justice Act.

Attorney fees are awarded pursuant to EAJA when a plaintiff demonstrates that he prevailed in the action and the United States Government fails to meet its burden to prove that its position was "substantially justified."  28 U.S.C. §2412(d)(1)(A).  The burden of proof with regard to substantial justification falls to the United States Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  In the Tenth Circuit, meeting this reasonableness standard requires a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993).

## DISCUSSION

Plaintiffs contend that the State Department cannot carry its burden, but do not point to any specific evidence or discovery material which the State Department had in its position prior to trial which would have made its position untenable or unreasonable.  On the other hand, the State Department has provided the Court with a detailed account of the factors and evidence supporting its decision to revoke Plaintiffs' passports, as well as its litigation stance.  The Court finds that while the State Department did not prevail in this matter, its position was reasonable and substantially justified under EAJA.

Based on the documentation that was available to the State Department, a reasonable factfinder could have inferred that it was **not** more likely that Plaintiffs were born in the United States than that they were born in Mexico.  First, each Plaintiff had two birth certificates. Plaintiff Juan Carlos had a New Mexico birth certificate and one for Chihuahua, Mexico. Plaintiff Mario Alberto had a Texas birth certificate and one for Chihuahua, Mexico.  In addition,

Plaintiffs' mother, Lydia Borunda had signed a sworn statement that both of her sons, Plaintiffs, were born in Mexico and that she purchased fraudulent U.S. birth certificates for them.  Second, discovery did not clarify Plaintiffs' place of birth, either. Defendant deposed Plaintiffs' parents Lydia and Marin Borunda, as well as the midwife regarding circumstances surrounding the birth of Plaintiff Juan Carlos Borunda.  The midwife in Texas who assisted in the birth of Plaintiff Mario Alberto died prior to the commencement of this case.  This testimony just added to the confusion:  when questioned about Juan Carlos' Mexican birth record, Lydia Borunda stated that she had nothing to do with her son's Mexican birth registration, but Marin Borunda testified that his wife had indeed accompanied him to the Mexican civil registry to register Juan Carlos' birth in Mexico and that she signed the forms at the civil registry. Ex. A at 70:24-25; 71:1-5; Ex. B at 19:7-16.  The State Department's response brief recounts additional deposition testimony by these key witnesses (which there is no need to include here in detail), all of which supports the State Department's position that up until trial, deposition testimony and other pretrial discovery supported inconsistent versions of events.  Moreover, a review of the docket entries in this case reveals that neither Plaintiffs' counsel nor Defendant's counsel ever moved pursuant to Fed.R.Civ.Pro. 56 for partial or complete summary judgment. The Court intends no criticism of counsel but makes this observation because had either one or both of the parties filed any summary judgment motions,  the Court in all likelihood would have denied any such motions on the grounds that there were disputed issues of material facts thereby requiring a trial on the merits.

      Given this pre-trial state of affairs, the State Department could hardly be expected to take Plaintiffs at their word and renew their passports. The State Department has Congressionally-mandated statutory authority to revoke a passport it has issued where there are questions of

verification as to whether an individual is a U.S. national. *See* 22 U.S.C. §212; 22 C.F.R. ¶51.2(a). The State Department is certainly not required to accept an individual's representation that he was born in the United States where there is evidence that he is not, particularly in these security-sensitive times. *See Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (the position of the government will be deemed to be substantially justified "if there is a 'genuine dispute' . . . or 'if reasonable people could differ as to [the appropriateness of the contested action]'").

Third, witness inconsistencies continued through the trial, requiring the Court as factfinder to make credibility determinations in order to resolve the underlying issues. Even the Court recognized that Plaintiffs' key witnesses presented conflicting versions of the events surrounding Plaintiffs' births, although the Court attributed these inconsistencies and lack of recall by witnesses to the passage of time. *See, e.g.,* Doc. 87, ¶¶12, 21. In other instances, however, some testimony of key witnesses was discredited, such as Mrs. Borunda's testimony that she was coerced by State Department officials into signing sworn statements. *See* Doc. 87, ¶ 33.

Finally, the Court notes that the timely disclosure of certain relevant evidence might have tipped the scales in favor of Plaintiffs on the issue of attorney fees insofar as being able to recover attorney fees for trying the case. The Court cannot envision a scenario where Plaintiffs would have been able to recover attorney fees for the pretrial phase of this case for the above stated reasons. Focusing now on whether Plaintiffs should recover attorney fees for the trial phase of this case, the Court finds that Defendant was substantially justified in proceeding to trial on the merits in this case. Specifically, Plaintiffs' counsel failed to timely provide Mrs. Borunda's medical records and more critically, the Mexican judgment amending Plaintiffs' birth registrations to reflect birth in the United States. The foreign judgment essentially declared that

Plaintiffs' Mexican birth certificates, which had caused the major inconsistency in this case, were null and void.  In March of 2015, after various trial continuances and extensions of discovery, the Court set a telephonic pretrial conference for July 13, 2015.  Additionally, trial had been set for July 29, 2015.  Doc. 49.  On July 13, 2015 approximately three minutes before commencement of the telephonic pretrial conference, Plaintiffs' counsel electronically filed a motion requesting a trial continuance and to reopen discovery (Doc. 57) and the next day,  July 14, 2015, two weeks before trial, Plaintiffs' counsel disclosed the Mexican judgment to Defendant's counsel  The Court denied Plaintiffs' motion in an order (Doc. 68) that detailed the various trial continuances and discovery deadline extensions and the Court found that Plaintiffs had "failed to make any showing of diligence in procuring these records, let alone enough diligence to show good cause and excusable neglect under Rule 4(b)."  Doc. 68 at 5.  Moreover, the Court also found that continuing the trial two weeks before the July 29, 2015 trial date would substantially inconvenience the Court, the Defendant and the various witnesses who had been subpoenaed to testify.  *Id.*

## CONCLUSION

In sum, after considering the totality of the facts and circumstances, the Court finds and concludes that the State Department  has met its burden to prove that its position was "substantially justified" under EAJA.  This case turned at trial on a close factual issue centering on the credibility of the witnesses and the available documentary evidence.  The State Department has the responsibility of examining the evidence in each individual case to determine whether an applicant has met his or her burden.   Here, based on the conflicting documentation that was available to the Government at the time, the State Department's decision to revoke

Plaintiffs' passport and its litigation position throughout the case was "reasonable in law and fact." *Pierce,* 487 U.S. at 5656.

The confusion in this case was not caused by the State Department, but by documentation created by Marin Borunda when he applied for Mexican birth certificates for his sons, Plaintiff Juan Carlos Borunda and Plaintiff Mario Alberto Borunda. The confusion was further exacerbated by Lydia Borunda when she signed an affidavit at the State Department's consular office in Juarez declaring her two sons were born in Mexico. The Court found that the actions of Marin and Lydia Borunda in creating the Mexican birth certificates for Plaintiffs were well-meaning but misguided efforts to ensure that Plaintiffs had the benefits of Mexican citizenship and identity. *See* Doc. 87, ¶ 13. However, in light of all this conflicting evidence and testimony, the Court cannot make the finding that the State Department was without substantial justification in defending its action to revoke Plaintiffs' passports and in defending this position at trial. The Court will add that, had Plaintiffs' counsel timely disclosed the Mexican judgment and Mrs. Borunda's medical records to the State Department, the Court might have reached a somewhat different conclusion, although mostly likely not to the extent Plaintiffs' counsel is seeking in term of fee amount. However, the Court is not inclined to reward Plaintiffs' counsel with a windfall for inexcusable conduct during pretrial discovery, particularly because by the time this material was disclosed, the State Department had already invested considerable resources in time and money in preparing for litigation.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion for Attorney Fees and Costs Under the Equal Access to Justice Act **(Doc. 89)** is DENIED.

_____
UNITED STATES DISTRICT JUDGE